**UNITED STATES, Appellee,**

v.

**Specialist Four Willie J. SIMMONS, Jr., SSN 253–04–5189 United States Army.**

**CM 442524.**

U. S. Army Court of Military Review.

9 Nov. 1982.

---

Colonel William G. Eckhardt, JAGC, Lieutenant Colonel R. Rex Brookshire II, JAGC, Captain James A. McAtamney, JAGC, and Captain Joel R. Maillie, JAGC, were on the pleadings for appellant.

Colonel R.R. Boller, JAGC, Major John T. Edwards, JAGC, Captain Patrick M. Flachs, JAGC, and Captain Karen A. Charbonneau, JAGC, were on the pleadings for appellee.

Before CLAUSE, COKER and HANFT, Appellate Military Judges.

## OPINION OF THE COURT

HANFT, Judge:

Simmons pled guilty to two specifications of assault consummated by a battery, five specifications of aggravated assault, and three specifications of communication of a threat. He was sentenced to a bad-conduct discharge, confinement at hard labor for three years, total forfeitures, and reduction to the grade of Private E–1. Pursuant to a pretrial agreement, the convening authority reduced the period of confinement to eighteen months, but otherwise approved the sentence.

During the sentencing portion of the trial, Simmons made an unsworn statement in which he said, among other things, that because he had reenlisted, he'd like to stay in the Army to complete that enlistment. No witnesses were called by the prosecution in rebuttal.

In his argument on sentencing the prosecutor said the following:

TC: There's some other people who aren't here today, and those are the people in his chain-of-command. I think you realize from your previous court-martial experience that if a soldier is truly a good soldier, if he deserves to stay in the military, he has some further use to the unit, he'll surely find somebody to come in and say that for him. Nobody appeared for him today. Nobody. There's no evidence one way or the other on that. We received no evidence of good behavior, no evidence of bad. But we think you can draw an inference from the fact that there's nobody here today. Based on the fact that nobody came in here today, and based on the types of assaults that he has committed, we ask ... or try to stress the importance of separating Simmons from the service.

The implication of the above argument is that persons in Simmons' chain-of-command would testify that he was a bad soldier and did not deserve to stay in the military.

A similar situation was presented in *United States v. Shows*, 5 M.J. 892 (A.F.C. M.R.1978), *affirmed*, 11 M.J. 88 (C.M.A. 1981). There, the prosecutor commented in his sentencing argument on Airman Shows' failure to call his squadron commander or any supervisor to testify upon his behalf, drawing the inference that Shows' duty performance was "apparent-

ly less than outstanding." The appellate court found such comment to be error (5 M.J. at 893):

> The clear implication of the trial counsel's argument is that the accused's squadron commander and supervisor would testify that the accused's duty performance was unsatisfactory. There is no evidence of this in the record and to imply that other evidence unfavorable to an accused is available, without actually presenting such evidence, is clear error.

Applying this principle to Simmons' case, we find that the argument of the prosecutor concerning Simmons' failure to call members of his chain-of-command was error, and the trial judge had a duty to give a curative instruction.

The question of waiver need not detain us. Immediately prior to the objectionable portion of the argument, the defense counsel objected to similar argument on the basis that the prosecutor was "commenting on the lack of evidence", which objection was summarily overruled. Immediately thereafter, the prosecutor continued his argument and mentioned the inferences to be drawn from the failure to call witnesses from Simmons' chain-of-command. Under these circumstances, we construe the defense objection to be a continuing one.

The remaining assignment of error concerns another portion of the prosecutor's argument. We have given it careful consideration and have resolved the matter adversely to the appellant.

The findings of guilty are affirmed. In reassessing the sentence on the basis of the above noted error and the entire record, we consider it most significant that Simmons was twice given nonjudicial punishment for previous assaults, that the court members adjudged a bad-conduct discharge rather than a dishonorable discharge, and that the convening authority reduced the period of confinement from three years to eighteen months. The sentence is AFFIRMED.

Senior Judge CLAUSE and Judge COKER concur.